## Case No. 16,048.

### UNITED STATES v. PICO.

[1 Sawy. 347.] 1

District Court, D. California.    Sept. 21, 1870.

MEXICAN LAND GRANTS—EFFECT OF LONG POSSESSION—PROVISIONAL OCCUPATION.

[Where the papers relating to a grant were produced from the archives and were regular in all respects, including the approval of the grant by the departmental assembly, but there was a doubt as to its validity, arising from the fact that the grantee himself was acting governor, and made out the papers to himself, according to a petition presented to a previous governor and a provisional possession conferred long before, *held*, that the fact of such provisional occupation, which lasted some 16 years to the time of making the grant, was sufficient to entitle the claimant to a confirmation.]

L. D. Latimer, U. S. Dist. Atty.
Williams & Thornton, for claimant.

HOFFMAN, District Judge. It appears in this case that Pio Pico, on the twenty-second day of March, 1831, petitioned Governor Victoria for a provisional grant of the rancho of "Jamul." On the twentieth April, the governor granted to the petitioner the right provisionally to occupy one sitio on the place called "Jamul," for the purpose of cultivating the lands, keeping his stock thereon, etc., etc.

On the nineteenth July, Santiago Arguello, military commander of San Diego, and in charge of the civil jurisdiction of the same, in conformity with the governor's decree, put Pio Pico in provisional possession of the land, assigning to him boundaries, which are described in his report. Pico thereupon built a house upon the rancho, and occupied it with his family and servants until 1838, when he was driven off by an incursion of the Indians, and his house burnt.

After this time the rancho appears to have been in charge of Juan Foster, his brother-in-law. On Dec. 23, 1845, Pio Pico, who was then, as first vocal of the departmental assembly, acting governor, presented a petition, setting out the provisional grant previously obtained by himself, and praying a title for the land. On this petition he issued a regular title to himself, but immediately transmitted the expediente to the departmental assembly, by whom it was referred to the appropriate committee, and on the favorable report of the latter, was finally approved.

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

In 1853, Gen. Burton, late of the United States army, acquired Pio Pico's title under a sale made, it is said, without authority, by Juan Foster. Pio Pico has since quit-claimed to the widow and heirs of Gen. Burton his whole interest in the premises.

The documentary evidence on which the claim rests, is of unquestioned authenticity. The petition of Pio Pico, the governor's concession, and the record of the possession given by Arguello, are found in the archives.

Those records also contain the expediente of the grant by Pio Pico to himself, with the approval of the departmental assembly. The grant is also noted in Hartnell's continuation of Jimeno's index, and in the book known as "Toma de Razon."

There appears no room for doubt that, under the provisional grant, Pio Pico took possession, built upon, and occupied the land for about seven years. when he was driven off by the Indians. and that he continued to claim it, and exercise control over it by his brother-in-law up to the time when it was sold by Foster in 1851. In 1853. Gen. Burton acquired the title, and his family, and that of his wife, have continued in the possession and enjoyment of the land up to the present time.

I do not deem it material to consider in the abstract, whether a governor of California could, under the colonization laws, make a grant to himself. or what validity would in all cases be imparted to such a grant by the approval of the departmental assembly.

It may well be, that such a grant, even though confirmed, if made by Pio Pico in the last days of his power, and under the expectation of the impending conquest of the country—if preceded by no preliminary concession, occupation, or settlement, or other circumstance which would create an equity in the grantee's favor. and if followed by no fulfillment during the existence of the former government of those conditions. which under their system constituted the consideration for the grant, should be treated as invalid by the United States. But in this case. the circumstances are quite different. The provisional grant gave to Pio Pico an inchoate or imperfect right. It authorized him to occupy and improve the land under a just expectation, if not an implied promise that the full title should be given him. When under this authority, and with this expectation. he made his home upon the land, he acquired rights, which. so far as I am informed, were uniformly respected by the former government. No other person would have been able to obtain a grant for the land, and his own application for a full title would have been, unless political or personal hostility on the part. of the governor prevented, at once acceded to.

The action of the departmental assembly, whether or not it be regarded as giving absolute validity to his own grant to himself. is, at least, a recognition of his equitable claims and of his right to be secured in his ancient possession.

In the case of U. S. v. Alviso [23 How. (64 U. S.) 318] the supreme court recognized and enforced the equities growing out of the possession of fourteen years, begun under a provisional permission to occupy while the expediente was being formed.

In the case at bar the possession had continued for more than sixteen years up to the time of the change of flags, since that time it has continued uninterrupted and undisputed up to the present moment, a period from its commencement of nearly forty years. I am clearly of opinion that the manifest justice of this claim, as well as the principles established by the supreme court, demands its confirmation.

A decree to that effect in favor of the widow and heirs of the late Gen. Burton, will accordingly be entered.